# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3491

_____

Kristopher Michael Morgan

*Plaintiff - Appellant*

v.

Parole Officer Yosita Phaypanya, formerly known as Pihara Yosita; Detective Chad Wilson; Danny Wright, formerly known as Donny Wright; Springdale Police; Matt Durrett, Prosecuting Attorney; District Judge Mark Lindsay, name revised from District Judge Mark Lindsey per TEXT ONLY ORDER dated 8/3/2022; District Court Judge Casey Jones; John or Jane Doe, Phoenix House (referred to as DD); Phoenix House Rentals; State of Arkansas; Washington County Jail; Karas Health, Provider for Washington County Detention Center; Detective Robert Nelson; Clint Majors, Director of Phoenix Recovery Center; Nick Robbins, Chief Executive Officer of Returning Home

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: July 23, 2024
Filed: August 6, 2024
[Unpublished]

_____

Before KELLY, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Former Arkansas parolee Kristopher Morgan appeals the district court's[1] orders dismissing his claims against some defendants, and granting summary judgment for the remaining defendants, in his pro se 42 U.S.C. § 1983 action. Upon de novo review, we affirm.

We agree with the district court that defendant parole officer Phaypanya was entitled to qualified immunity, as it was not clearly established that the warrantless search of Morgan's cell phone violated the Fourth Amendment. See Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (qualified immunity shields officials from damages unless plaintiff pleads facts showing that official violated statutory or constitutional right, and that right was clearly established at time of challenged conduct); United States v. Wood, 16 F.4th 529, 535-36 (7th Cir. 2021) (warrantless search of parolee's cell phone did not violate Fourth Amendment, as parolee had greatly diminished expectation of privacy due to parolee status and agreement authorizing search of his property, and as government had strong interests in reducing recidivism and promoting reintegration of parolees); Groenewold v. Kelley, 888 F.3d 365, 370 (8th Cir. 2018) (standard of review); cf. United States v. Jackson, 866 F.3d 982, 985-86 (8th Cir. 2017) (individual on federal supervised release did not have legitimate expectation of privacy in his cell phone, as he lived in residential facility that prohibited phones and authorized search of any property in facility, so suspicionless, warrantless search of phone did not offend Fourth Amendment).

We also agree that Springdale Police Department detectives Wilson, Wright, and Nelson were entitled to summary judgment on the Fourth Amendment illegal

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Christina D. Comstock, United States Magistrate Judge for the Western District of Arkansas.

search claim, as the undisputed evidence established that they did not search Morgan's cell phone until after obtaining a search warrant.  See Boston v. TrialCard, Inc., 75 F.4th 861, 867 (8th Cir. 2023) (standard of review); United States v. DE L'Isle, 825 F.3d 426, 431 (8th Cir. 2016) (search is reasonable under Fourth Amendment if officer has valid search warrant).  We find that Morgan's remaining claims are waived, as he did not address them in his brief, see Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008); and we decline to address his new argument on appeal, see Boston, 75 F.4th at 868.

The judgment is affirmed.  See 8th Cir. R. 47B.  We deny Morgan's pending motion.

_____